IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOMINIQUE ELISE BERGERON, | |
| Plaintiff, | |
| v. | No. 24-cv-3546 |
| CAPITAL ONE, | Judge Franklin U. Valderrama |
| Defendant. | |

### ORDER

Plaintiff Dominique Elise Bergeron (Bergeron), proceeding *pro se*, filed suit against Defendant Capital One, N.A. (Capital One) in the Circuit Court of Cook County, Illinois. R. 1-1, Compl.[1] Capital One removed the case to this Court. R. 1, Notice Removal. Before the Court is Capital One's motion to dismiss the complaint for failure to state a claim. R. 7, Mot. Dismiss. For the following reasons, the Court grants Capital One's motion to dismiss and dismisses Bergeron's complaint without prejudice.

### Procedural Background

Bergeron, proceeding *pro se*, sued Capital One in the Circuit Court of Cook County, Illinois. Compl. Bergeron's single-paragraph complaint alleged, among other claims, a claim for misuse of personal information and breach of contract. Capital One removed the case to this Court, Notice Removal, and on May 3, 2024, moved to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Mot. Dismiss. Subsequently, on May 28, 2024, Bergeron filed a motion to remand the case to state court. R. 10, Mot. Remand. In light of the filing of the motion to remand, the Court stayed briefing on Capital One's motion to dismiss and set a briefing schedule on Bergeron's motion to remand. R. 11. The Court denied Bergeron's motion to remand on August 27, 2024. R. 31.

While Bergeron's motion to remand was pending, Bergeron filed numerous motions and other documents on the docket, including standalone "exhibits," documents attempting to allege new claims against new parties, a motion to reassign cases, motions to remove state cases, and a motion for attorney representation. *See* R. 17–30. For reasons explained in more detail in the Court's August 27, 2024 Order,

---

[1] Citations to the docket are indicated by "R." followed by the docket number or filing name, and, where necessary, a page or paragraph citation.

the Court denied the motions and struck the additional filings. R. 32, 8/27/2024 Order. The Court explained in the Order that, although under Federal Rule of Civil Procedure 15(a)(1)(B), a party may amend its pleading as a matter of course within 21 days after service of a motion under Rule 12(b), because more than 21 days had passed since Capital One filed its motion to dismiss, Bergeron either needed Capital One's consent or the Court's leave to amend under Rule 15(a)(2). *Id.* at 2. The Court also advised Bergeron that exhibits must be connected to a motion or a responsive brief to a motion, and the Court will not consider standalone exhibits when it is not clear what they relate to. *Id.* at 1.

Bergeron filed a number of additional documents (which appear to have been mailed to the Court before entry of the Court's August 27, 2024 Orders denying Bergeron's motion to remand and addressing numerous other filings, but were not received by the Court until after the Orders were entered). R. 34–41. Those filings included an amended complaint and two exhibits and summonses related to it, a renewed motion for attorney representation, a motion for substitution of judge, and a declaration giving Bergeron power of attorney for an individual. *Id.* The Court again advised Bergeron that, if she sought to amend her complaint, she must file a motion for leave to amend under Rule 15(a)(2), and also denied the motions and struck the additional filings for the reasons explained in the Court's August 28, 2024 Minute Entry. R. 42.

Shortly thereafter, on August 30 and September 3 and 4, 2024, additional filings from Bergeron were uploaded on the Court's docket, which again appeared to have been mailed before the Court's August 27 and 28 Orders. R. 43–50. Those filings included two amended complaints, exhibits thereto, and a Minnesota state court docket. *Id.* The Court entered a Minute Entry again advising Bergeron that she must file a motion for leave to amend under Rule 15(a)(2), and struck the amended complaints and exhibits. R. 49, 51.

Bergeron filed a motion for leave to amend on September 17, 2024, in which she seemed to be trying to add numerous new defendants because they "influenced the actions" of Capital One, which "caused and or lead to child endangerment." R. 54, Mot. Amend at 1. As explained in more detail in the Court's Minute Entry of October 4, 2024, the Court denied the motion for leave to amend because, even construing Bergeron's *pro se* pleading liberally, it found that granting leave to amend would be futile because it would not withstand a motion to dismiss. R. 60, 10/4/2024 Minute Entry (citing, *inter alia Schilke v. Wachovia Mortg., FSB*, 758 F. Supp. 2d 549, 554 (N.D. Ill. 2010); *Lee v. Chicago Transit Auth.*, 2016 WL 6680483, at *3 (N.D. Ill. Nov. 14, 2016), *aff'd,* 696 F. App'x 752 (7th Cir. 2017)). The Court therefore found that the operative complaint remained the first-filed complaint, and set a briefing schedule on

2

Capital One's motion to dismiss the complaint.[2] *Id.* Bergeron did not file a response to the motion to dismiss; nor did Capital One file a reply.

## Analysis

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the complaint. *Hallinan v. Fraternal Or. of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a complaint need only contain factual allegations, accepted as true, sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

Although *pro se* submissions are read liberally, a *pro se* complaint must still provide allegations "sufficient to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Hale v. Ind. Dept. of Child Servs.*, 784 Fed. App'x 956, 957 (7th Cir. 2019) (cleaned up)[3]; *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) ("[A] plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by law.") (emphasis in original) (cleaned up).

Here, Bergeron lists a number of possible causes of action in her complaint: "stalking, mis-use of personal information, mis-calculations of account, mis-statement of debt, breach of contract, lock out of online account without notice, without permission [sic], without assuring client had keepable forum/documents of account details, intimidation, negligence, failure to inform, liability, sociliciting [sic] to deceased persons, conflict of interest."[4] Compl. at 5. As Capital One points out in

---

[2]The Court also struck the other exhibits and miscellaneous documents filed separately by Bergeron. *Id.*

[3]*See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

[4]Capital One attaches to its motion to dismiss two exhibits that Bergeron filed in state court before Capital One's appearance and removal: (1) a letter between Capital One Auto Finance and Progressive, which Bergeron titled "final payment of auto fiance" [sic]; and (2) an apparent valuation report relating to a vehicle, which Bergeron titled "Base value of vehicle." Mot. Dismiss at 3 n.2; R. 7-1. As Capital One points out, Bergeron does not explain or cite to

its motion to dismiss, beyond listing a number of potential causes of action, Bergeron does not support them with any factual allegations in support at all. Mot. Dismiss at 2–3. For example, although Bergeron alleges a claim for "breach of contract," the complaint does not allege any facts supporting the elements of a breach of contract claim; namely :"(1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of contract by the defendant; and (4) resultant injury to the plaintiff." KAP *Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 5 F.4th 517, 522 (7th Cir. 2022)). *See id.* at 3. Similarly, argues Capital One, Bergeron claims that Capital One "mis-use[d] [her] personal information" and "[f]ail[ed] to inform" her of something—although it is unclear what—but does not identify any legal claim or cause of action associated with these allegations. *Id.*

The Court agrees with Capital One that the conclusory allegations in the complaint, at most, indicate that some kind of account is at issue, but it is not clear what claims Bergeron is attempting to assert related to the account. Mot. Dismiss at 3. Therefore, the allegations in the complaint are conclusory and do not provide "sufficient factual matter" to "state a claim to relief that is plausible on its fact." *Iqbal*, 556 U.S. at 663; *see also Cincinnati Life Ins. Co.*, 722 F.3d at 946–47 (dismissal appropriate where the complaint "presents a 'vague, confusing, and conclusory articulation of the factual and legal basis for the claim and [takes] a general 'kitchen sink' approach to pleading the case"); *Swanson*, 614 F.3d 400, 405 (7th Cir. 2010) ("[A]bstract recitations of the elements of a cause of action or conclusory legal statements do nothing to distinguish the particular case that is before the court from every other hypothetically possible case in that field of law.") (cleaned up).

Accordingly, the Court finds that the complaint does not provide "fair notice" of Bergeron's claims, nor suggest a "plausible right to relief." *Lee*, 2016 WL 6680483, at *3. Indeed, as discussed above, the minimal allegations in the complaint do not make clear what legal claims Bergeron is asserting or the factual allegations supporting them. Therefore, the Court grants Capital One's motion to dismiss. *Cincinnati Life Ins. Co.*, 722 F.3d at 946–47 ("If neither the adverse party nor the court can make out the essence of the claims dismissal of a complaint on the ground that it is unintelligible is unexceptionable.") (cleaned up).

Capital One requests that the dismissal be with prejudice. Mot. Dismiss at 4. Although—in the face of the conclusory nature of the complaint's allegations, and the

---

these exhibits in her complaint, so it is not clear it they relate to the complaint at all. Mot. Dismiss at 3 n.2. As the Court has previously stated in its Order and Minute Entries, exhibits must be connected to a motion or a responsive brief to a motion, and the Court will not consider standalone exhibits when it is not clear what they relate to. 10/4/2024 Minute Entry. So, the exhibits do not change the Court's analysis. Nor will the Court consider any motions filed by Bergeron in state court after the case was removed. *See* Mot. Dismiss at 3 n.2 (citing *Schmude v. Sheahan*, 312 F. Supp. 2d 1047, 1078 (N.D. Ill. 2004) ("Removal to federal court divests the state court of jurisdiction over the case.").

Court's determination that Bergeron's earlier proposed amended complaint would not survive a motion to dismiss—the Court is skeptical that Bergeron can amend her complaint to state a claim, the Court cannot say, at this stage, that there is no set of facts under which Bergeron could plausibly state a claim. Therefore, the Court dismisses the complaint without prejudice and gives Bergeron one more chance to file an amended complaint by April 21, 2025.

## Conclusion

For the foregoing reasons, the Court grants Capital One's motion to dismiss [7] and dismisses Bergeron's complaint without prejudice. Bergeron is directed to submit an amended complaint on or before April 21, 2025. Failure to submit an amended complaint by April 21, 2025, will result in dismissal of this case with prejudice for failure to state a claim. For legal assistance, the Court again directs Bergeron's attention to the U.S. District Court Hibbler Memorial Pro Se Assistance Program, information about which can be found at: https://www.ilnd.uscourts.gov/Pages.aspx?/2+UWDbtVzCDq3Lu8BusuQ==.

Dated: March 31, 2025

Franklin U. Valderrama
United States District Judge